**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DENNIS RAINES,

      Plaintiff,

vs.                                                                                                          CASE NO. 3:08-cv-570-J-16TEM

COASTLINE FEDERAL CREDIT UNION
c/o Ada A. Hammond,

      Defendant.
_____

### **REPORT AND RECOMMENDATION**[1]

      This cause is before the Court on Plaintiff's affidavit of indigency, which the undersigned construes as a motion to proceed *in forma pauperis* (Doc. #2). Upon review of the aforementioned motion and the complaint, the undersigned finds the suit is subject to dismissal.

      Under 28 U.S.C. Section 1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs associated with a lawsuit. As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, courts are empowered with discretion to dismiss an action, *sua sponte*, if it is frivolous or malicious. *See id.* A suit "is frivolous where it

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a), United States District Court for the Middle District of Florida.

lacks an arguable basis either in law or in fact." *Id.* at 325. Dismissal of a complaint pursuant to this principle should be ordered only if the complaint relies on clearly meritless legal theories, *see id.* at 327, or where the facts asserted therein "are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (*quoting Neitzke*, 490 U.S. at 327).

The statute also requires the court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of Section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A court should not dismiss a *pro se* litigant's complaint pursuant to Section 1915 for failure to state a claim, however, "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2nd Cir. 1999) (*per curiam*) (*internal quotation marks omitted*); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (*per curiam*).

Federal courts are courts of limited jurisdiction. Although the complaint does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends, as required under Rule 8(a) of the Federal Rules of Civil Procedure, the undersigned surmises that Plaintiff is attempting to invoke the Court's federal question jurisdiction by alleging a 42 U.S.C. § 1983 violation against her employer, Defendant Coastline Federal Credit Union ("Coastline").

Plaintiff's complaint alleges Coastline racially discriminated against Plaintiff throughout her employment and wrongfully terminated her (Doc. #1 at 1). Aside from making conclusory statements of law, Plaintiff alleges no facts to support a 42 U.S.C. §

1983 action against Coastline. Furthermore, the facts contained within Plaintiff's attached "Counseling Action Sheet" do not assist the undersigned in finding allegations of racial discrimination or wrongful termination (Doc. #1 at 3-4). Rather, the attached document, which states Coastline's reasons for terminating Plaintiff, does not indicate Coastline engaged in racial discrimination against Plaintiff (see Doc. #1 at 3-4). Specifically, it appears Plaintiff was terminated for being disrespectful to supervisors and co-workers and for engaging in disruptive behavior (Doc. #1 at 3).

The undersigned finds Plaintiff's complaint on its face fails to make an adequate claim of deprivation of constitutional rights because Plaintiff does not allege any facts to support her claim that she was racially discriminated against or wrongfully terminated because of her race.

For the aforementioned reasons, the undersigned finds Plaintiff's complaint does not present a valid claim for deprivation of a federally protected right and that the allegations contained within the complaint are frivolous as defined herein.[2]

Accordingly, it is hereby **RECOMMENDED**:

1. Plaintiff's affidavit of indigency, which the undersigned construes as a motion to proceed *in forma pauperis* (Doc. #2) be **DENIED**.

2. The case be **DISMISSED** pursuant to 28 U.S.C. Section 1915(e)(2)(B)(i).

---

[2] This Report and Recommendation voices no opinion as to whether Plaintiff's claim(s) would be valid if raised in state court.

**DONE AND ENTERED** at Jacksonville, Florida, this  30th  day of June, 2008.

Copies to all counsel of record
and *pro se* parties

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge